**Smick v. City of Philadelphia**

*August J. Lacko,* for plaintiff.
*Gary S. Seflin,* for the Commonwealth.

DI BONA, *J.,* May 9, 1986—Before the court is the motion for summary judgment of defendant,

Commonwealth of Pennsylvania. For the reasons stated herein, the motion for summary judgment will be granted and the Commonwealth of Pennsylvania dismissed as a party to this action.

The instant matter arises from injuries which the plaintiff suffered as a result of the derailment of a SEPTA trolley on January 18, 1984, while it was travelling north on Germantown Avenue at or near the intersection of Allegheny Avenue. The Commonwealth alleges, and the city admits, that "Germantown Avenue at its intersection with Allegheny Avenue is a city street." See first set of interrogatories addressed to City of Philadelphia, question 1.

The city argues that material issues of fact remain, thus precluding summary judgment. Pa.R.C.P. 1035. The city submits that it's not clear whether the accident occurred within the intersection of Germantown and Allegheny Avenues and if the accident did occur in the intersection, the Commonwealth may be liable because Allegheny Avenue is a state highway. The city further argues that a defect in Allegheny Avenue may have caused the trolley derailment.

Viewing the facts most favorably to the city, however, the court finds that the Commonwealth may not be held liable for this trolley derailment. First, we note that the accident clearly occurred *on* Germantown Avenue, a city highway. Even if the accident occurred in the intersection of a state highway and a city highway, those sections of a state highway occupied by SEPTA's surface facilities are either not part of the state highway or are not within the Commonwealth's right of way. 36 Pa.C.S. §1758-204; Sculley v. City of Philadelphia, 381 Pa. 1, 112 A.2d 321 (1955) (Commonwealth not liable for injury to plaintiff caused by hole between trolley

tracks located on a state highway). The Commonwealth is clearly not responsible for the maintenance of the space between the trolley tracks, nor is it responsible for the road and roadbed within 18 inches beyond the outermost tracks. See City of Philadelphia v. Pennsylvania Dept. of Transportation, P.U.C., Docket no. C-78100616 (August 1, 1985); cf. Bosack v. Pittsburgh Railway Co., 410 Pa. 558, 189 A.2d 877 (1963). Therefore, the Commonwealth of Pennsylvania cannot be liable for the trolley derailment.

Finally, we agree with the Commonwealth's position that suit was commenced against the wrong party, since no Commonwealth agency, employee or official has been named as a party defendant. 1 Pa.C.S. §2310; Hall v. Acme Markets, Phila. C.P., September term, 1982, no. 2202 (February 21, 1986). Having found other grounds for our ruling, however, the court will not determine whether or not this error alone would support summary judgment given the facts of the instant case.

Accordingly, the following

## ORDER

And now, this May 9, 1986, upon consideration of the motion for summary judgment of the Commonwealth of Pennsylvania, and the response of the City of Philadelphia thereto, it is hereby ordered and decreed that the motion for summary judgment is granted and the Commonwealth of Pennsylvania is dismissed as a party defendant to this action.